# Rhodes *against* Lent.

A note in bank, payable to the order of the first indorser, was protested, and 100 dollars of it was then paid by the second indorser, who afterwards received a payment of the same amount from the drawer.  *Held*, that the first indorser is not a competent witness to prove that such payment by the drawer was on account of the note, and not on account of a distinct claim, on which suit is brought by the second indorser against the firm, of which the drawer is a member.

ERROR to the common pleas of *Alleghany* county.
The plaintiffs in error were the defendants below, against whom Lent, the defendant in error, brought this action to recover the price of work done, and materials furnished, in the construction or repair of a steamboat, of which the plaintiffs in error were joint owners. On the trial of the cause, John White was produced as a witness by the plaintiff below, and objected to by the defendants on the ground of his being interested in the event of the suit.  It appeared from a

[Rhodes v. Lent.]

statement made by White on his *voir dire*, and the evidence given, that Garret Guest, one of the defendants, had had a note of 300 dollars discounted at the Bank of Pittsburgh, drawn by himself, payable to the order of White, by whom it was indorsed first, and again by Lent, the plaintiff, as the second indorser, for the accommodation of Guest. The note, not being paid at maturity, was protested for non payment. Lent, the plaintiff, paid 100 dollars, and White the remaining 200 dollars. The defendants, by Guest, paid Lent 100 dollars, which they alleged and claimed to have been paid on account of the plaintiff's demand in this action, but which the plaintiff said was paid on account of the note; and White was offered as a witness by him to prove that Guest told the witness he had paid the 100 dollars on the note. The court below decided in favour of the competency of the witness, and he was accordingly admitted to give his testimony; to which the defendants' counsel excepted, and have assigned it here for error.

*Dallas,* for plaintiffs in error.

*Burke,* for defendant in error.

If Guest applied partnership funds to the payment of the 100 dollars on the note, it was a matter between him and his partners, and not between White and them. What effect then would a verdict in this case have on White? What possible interest could he have in the result of this suit, as the application of the 100 dollars had been already made, and the amount credited on the note? A witness must have a certain and direct interest in the result of the suit, to render his testimony inadmissible. Cornogg *v.* Abraham, 1 *Yeates* 84; Wakely *v.* Hart et al., 6 *Binn.* 319; Hayes *v.* Grier, 4 *Binn.* 83; Lewis *v.* Manly, 2 *Yeates* 200; Fernsler *v.* Carlin, 3 *Serg. & Rawle* 132; 2 *Binn.* 497.

The opinion of the Court was delivered by

KENNEDY, J.—From the statement of the facts, which possibly may be imperfect, or not altogether correct (for I confess that I encountered some difficulty in collecting them from the paper book), White was certainly interested in the event of the suit; Lent being a subsequent indorser to White on the note, and having paid 100 dollars on it, it was therefore clear that White was bound to reimburse Lent unless Guest the drawer did it; but if Lent succeeded in having the 100 dollars received by him of Guest applied to the note instead of his claim for the work done, he could have no claim afterwards against White as a prior indorser of the note, because by having the money paid him by Guest appropriated to it, and that appropriation sealed by the verdict of a jury and judgment of a court, which rendered it unalterable, his claim against White was thereby paid and satisfied. Hence, White being called as a witness to prove that the 100 dollars paid by Guest to Lent, ought to be ap-

[Rhodes v. Lent.]

propriated to the note, and not *to the* discharge of the plaintiff's demand in this action, was in effect produced to support a claim of the plaintiff, which, if successful, discharged him at once from all further liability to the plaintiff to pay him the 100 dollars. I therefore think he was not a competent witness.

Judgment reversed, and a *venire de novo* awarded.